UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010, | 18 CV _____ |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| A.S.C. CONTRACTING CORP., | |
| Defendant. | |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4.      Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c).  The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5.      Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6.      Upon information and belief, defendant A.S.C. Contracting Corp. ("A.S.C.") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 32-72 30th Street, Long Island City, NY 11106, engaged in the construction business. At all relevant times, A.S.C. was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

7.     At relevant times herein, A.S.C. was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8.     The CBA requires A.S.C. to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9.     The CBA also requires A.S.C. to report to the Funds the number of hours of Covered Work performed by each of its employees.

10.     The CBA further provides that A.S.C. must forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by A.S.C.' employees.

11.     The CBA requires A.S.C. to comply with a payroll audit to confirm it is complying with its obligations under the CBA.

12.     Pursuant to the CBA, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

13.     Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, A.S.C. is obligated to pay to the Funds its attorneys' fees.

14.     The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

15.     The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this

3

Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

16.    Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, A.S.C. is bound to the terms of the Collection Policy.

17.    Article II of the Collection Policy provides that if A.S.C. fails to make contributions when due, A.S.C. is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10% and liquidated damages of 10% of the amount of the unpaid contributions.

18.    Pursuant to the CBA, the Funds conducted an audit of A.S.C. covering the period January 1, 2015 through September 30, 2017 (the "Audit").

19.    The Audit contains a principal deficiency of $5,904.80, union assessments of $404.17, and audit costs of $2,967.

20.    Despite demand for payment, the amounts revealed to be due and owing by the Audit remain outstanding.

21.    A.S.C. failed to report the number of hours of Covered Work performed by each of its employees from at least April 2018 through the present.

22.    A.S.C. also owes interest on the late payment of contributions for August 2014 through March 2018 of $8,227.85.

## FIRST CLAIM FOR RELIEF AGAINST A.S.C.
### *Unpaid Contributions Under 29 U.S.C. § 1145*

23.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24.    Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a

collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25.     The CBA requires that A.S.C. make contributions to Plaintiffs for all Covered Work it performed.

26.     A.S.C. failed to remit an unknown, unreported amount of contributions for the period April 2018 to present.

27.     Pursuant to the Audit, A.S.C. failed to remit contributions for Covered Work performed from January 1, 2015 through September 30, 2017 in the amount of $5,904.80 and union assessments in the amount of $404.17.

28.     Further, A.S.C. owes interest on the late payment of contributions for August 2014 through March 2018 of $8,227.85.

29.     Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, A.S.C. is liable to Plaintiffs for: (1) delinquent contributions uncovered by the Audit of $5,904.80 and union assessments of $404.17; (2) an unknown amount of delinquent contributions for April 2018 through the present; (3) interest on the delinquent contributions at an annual rate of 10%; (4) an unknown amount of unreported dues check-offs and other contributions to the Union for April 2018 through the present; (5) interest on the late payment of contributions for August 2014 through March 2018 of $8,227.85; (6) liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing; (7) reasonable attorneys' fees, audit fees of $2,967, and collection costs incurred by Plaintiffs in this action; and (8) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST A.S.C.**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

30.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

32.     A.S.C. violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work it performed during the period August 2014 through the present.

33.     As a result of A.S.C's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i.     Award judgment in favor of Plaintiffs and against A.S.C. for its failure to pay Plaintiffs all contributions required by the CBA for the period August 2014 through the present;

ii.     Order A.S.C. to pay Plaintiffs delinquent contributions uncovered by the Audit for January 1, 2015 through September 30, 2017 in the amount of $5,904.80 and union assessments in the amount of $404.17, an unknown amount delinquent contributions for April 2018 through the present to be determined at trial, interest on the delinquent contributions at an annual rate of 10%, an unknown amount of unreported dues check-offs and other contributions to the Union for April 2018 through the present to be determined at trial, interest on the late payment of contributions for August 2014 through March 2018 of $8,227.85, liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due

and owing, attorneys' fees, audit costs of $2,967, and collection costs incurred by

Plaintiffs; and

iii. Award Plaintiffs such other and further relief as the Court may deem just and

proper.

Dated: New York, New York
      July 25, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:        /s/
      Nicole Marimon
      Charles R. Virginia
      40 Broad Street, 7th Floor
      New York, NY 10004
      Tel: (212) 943-9080
      *Attorneys for Plaintiffs*